**WO**                                                                                          MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph A. Trenton, | No. CV 09-335-PHX-MHM (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Dora B. Schriro, et al., | |
| Defendants. | |

On February 17, 2009, Plaintiff Joseph A. Trenton, who is confined in the Arizona State Prison Complex-Tucson in Tucson, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1) and an Application to Proceed *In Forma Pauperis*. In a March 6, 2009 Order, the Court denied without prejudice the Application to Proceed because it was deficient. The Court gave Plaintiff 30 days to file a complete Application to Proceed.

On March 25, 2009, Plaintiff filed a second Application to Proceed *In Forma Pauperis* (Doc. #5). The Court will grant the second Application to Proceed and will dismiss the Complaint with leave to amend.

**I.      Second Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's second Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $5.99. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each

**JDDL**

time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.     Complaint not on Court-Approved Form

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Local Rule of Civil Procedure 3.4(a) requires in part that "[a]ll complaints and applications to proceed in forma pauperis by incarcerated persons shall be signed and legibly written or typewritten on forms approved by the Court and in accordance with the instructions provided with the forms." Plaintiff's Complaint is not on a court-approved form as required by Local Rule of Civil Procedure 3.4(a). Plaintiff's Complaint will therefore be dismissed without prejudice, with leave to amend, in order for Plaintiff to file an amended complaint on a court-approved form.[1]

Within 30 days, Plaintiff may submit a first amended complaint on a court-approved form. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

---

[1] This is not the first time the Court has notified Plaintiff of this requirement. See Trenton v. Schriro, 08-CV-1250-PHX-MHM (DKD) (Doc. #3).

1  A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963
2 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,
3 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as
4 nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original
5 complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d
6 565, 567 (9th Cir. 1987).

**III. Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C. Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

. . . .

. . . .

JDDL

- 3 -

1 **IT IS ORDERED:**

2     (1)    Plaintiff's second Application to Proceed *In Forma Pauperis* (Doc. #5) is
3 **granted**.

4     (2)    As required by the accompanying Order to the appropriate government agency,
5 Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $5.99.

6     (3)    The Complaint (Doc. #1) is **dismissed** for failure to comply with Local Rule
7 of Civil Procedure 3.4(a). Plaintiff has **30 days** from the date this Order is filed to file a first
8 amended complaint in compliance with this Order.

9     (4)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of
10 Court must, without further notice, enter a judgment of dismissal of this action without
11 prejudice and without further notice to Plaintiff.

12     (5)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil
13 rights complaint by a prisoner.

14     DATED this 13th day of April, 2009.

_____
Mary H. Murgula
United States District Judge